UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF EDUCATION,<br><br>　　　　　Defendant. | Civil Action No. 24-3308 (LLA) |

**JOINT STATUS REPORT**

Pursuant to the Court's December 30, 2024, Order, Plaintiff National Student Legal Defense Network ("Student Defense") and Defendant the Department of Education ("Department"), through undersigned counsel, provide the Court an update on this Freedom of Information Act ("FOIA") action.

Plaintiff brings this action seeking records relating to an enforcement action the agency took against Grand Canyon University. *See generally* Compl. In accordance with the Court's order, the parties provide the following update:

1.      The Department states that its Office of Finance & Operations and Office of General Counsel have completed their searches for potentially responsive records. Between the two offices, they have identified a little over 15,000 potentially responsive pages. The Department is also considering whether there are any additional offices or locations to be searched. The parties will work together to determine whether there are any additional areas to narrow the scope of potentially responsive pages to be reviewed.

2.      The Department further asserts that it will process records at a rate of 500 pages per month, with the first interim response occurring on or before January 31, 2025, and responses occurring thereafter on the last day of each month.

3.      Student Defense does not object to a rolling production. Nevertheless, Student Defense asserts the Department should be required to produce—and not merely process—records at an appropriate rate. Moreover, the Department's preferred rate (500 pages per month) is lower than the Department's processing rate in other cases where Student Defense has submitted FOIA requests. *See, e.g.*, *Nat'l Student Legal Defense Network v. U.S. Dep't of Educ.*, No. 1:24-cv-00224-TJK, Joint Status Report (Dkt. No. 8) (May 24, 2024). Faster processing and production is particularly appropriate here because Student Defense's FOIA request seeks a defined set of materials (that is, pleadings) in an administrative proceeding for which the Department maintains an electronic docket and filing system similar to the federal judiciary's ECF/CM system. *See* U.S. Department of Education, Office of Hearings & Appeals, Online Filing, https://oha.ed.gov/online-filing/ (last visited Jan. 27, 2025). Finally, Student Defense asserts that review should be expedited because the Department requests that filers in this system proactively remove personally identifiable information from filings that might subsequently be subject to FOIA requests, *see* U.S. Department of Education, Office of Hearings & Appeals, Personally Identifiable Information (PII), https://oha.ed.gov/personally-identifiable-information-pii/ (last visited Jan. 27, 2025).

4.      The Department of Education notes that *processing* (not producing) 500 pages per month is the standard processing rate which falls in line with what numerous other judges in this district have found appropriate. None of the reasons identified by Plaintiff in Paragraph 3 warrant a higher production or processing rate rate. *See, e.g.*, *Nat'l Sec. Counselors v. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing that FBI's 500-page-per-month policy "serves to

promote efficient responses to a larger number of requesters"); *Project for Privacy & Surveillance Accountability, Inc. v. Office of the Dir. of Nat'l Intel.*, Civ. A. No. 21-1217 (TSC) (D.D.C. entered Apr. 19, 2022), Min. Order (approving, over the plaintiff's objection, agency's processing rate of 100 pages per month); *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, Civ. A. No. 19-3544 (APM) (D.D.C. entered Feb. 1, 2022), Min. Order (declining to increase the processing of 300 pages to 500 pages per month); *Chaverra v. ICE*, Civ. A. No. 18-0289 (JEB), 2020 WL 7419670, at *1 (D.D.C. Nov. 5, 2020) ("this Court and others have approved production schedules akin to what [the agency] proposes here"—i.e., roughly 500 pages per month); *Martinez v. Dep't of Just.*, Civ. A. No. 20-0251 (RDM) (D.D.C. entered June 5, 2020), Min. Order (ordering 500 page per month processing rate); *Reps. Comm. for Freedom of the Press v. CBP,* Civ. A. No. 19-2401 (CRC) (D.D.C. entered Apr. 3, 2020), Min. Order (ordering 500 page per month processing rate); *S. Utah Wilderness All. v. Dep't of Interior*, Civ. A. No. 19-2203 (TNM) (D.D.C. entered Nov. 25, 2019), Min. Order (ordering 500 page per month processing rate); *Ctr. for Reproductive Rights v. Dep't of State,* Civ. A. No. 18-2217 (DLF) (D.D.C. entered Apr. 3, 2019), Min. Order (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); *Ctr. for Bio. Diversity v. Dep't of Interior*, Civ. A. No. 17-1595 (RC) (D.D.C. entered July 23, 2019), Min. Order (ordering 500 pages per month processing rate); *Colbert v. FBI*, Civ. A. No. 16-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (refusing to increase 500 pages per month processing rate); *Middle E. Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 186-87 (D.D.C. 2018) (Harvey, M.J.) ("500 pages per month is an appropriate rate of production"); *Martinez v. Dep't of Just.*, Civ. A. No. 16-1506 (TJK), 2023 WL 9781681, at * 1 (D.D.C. Sept. 27, 2023) (ordering processing of 500 pages per month over requester's objection where the FBI was going to be processing records for the next 40 years).

5.      Plaintiff, meanwhile, has not shown extraordinary circumstances that would warrant expedited production. *See* 28 C.F.R. § 16.5(e)(1); *Negley v. Dep't of Just.*, 305 F. Supp. 3d 36, 46–47 (D.D.C. 2018). This is not a case in which "[1] the requester's safety is in danger, [2] the public's need to know about governmental activity is urgent, or [3] widespread media interest raises questions about the government's integrity." *See White v. FBI*, 851 F. App'x 624, 627–28 (7th Cir. 2021) (citing 28 C.F.R. § 16.5(e)). The Court should therefore adopt the Department's proposed processing rate of 500 pages per month.

6.      At this time, the Department does not anticipate filing a motion under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), and the parties agree that it is premature for the Department to prepare a *Vaughn* Index or otherwise schedule the filing of any dispositive motions.

7.      The parties propose to update the Court as to the status of the Department's handling of this request within sixty days, on or before March 28, 2025. A proposed order is included herein.

Dated: January 27, 2025                    Respectfully submitted,


                                                    */s/ Chris Bryant*
                                                    Chris Bryant
                                                    D.C. Bar No. 1673495
                                                    National Student Legal Defense Network
                                                    1701 Rhode Island Avenue, NW
                                                    Washington, D.C. 20036
                                                    chris@defendstudents.org

                                                    *Attorney for Plaintiff*

EDWARD R. MARTIN, JR. D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: */s/ Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br>            Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF EDUCATION,<br><br>            Defendant. | Civil Action No. 24-3308 (LLA) |

**[PROPOSED] ORDER**

Upon consideration of the parties' joint status report, it is hereby ordered that the parties shall file a status report apprising the Court of the progress of Defendant's response to Plaintiff's FOIA request on or before March 28, 2025, and every 60 days thereafter.

SO ORDERED.

_____        _____
Dated                          LOREN L. ALIKHAN
                               United States District Judge